United States District Court
Eastern District of New York

----------------------------------X

Sergot Duplessy,

          Plaintiff,　　　　　　　　　**Memorandum and Order**

  - against -　　　　　　　　　　No. 24-cv-04370 (KAM)

Martin J. O'Malley,
Commissioner of Social Security,

          Defendant.

----------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

Christopher James Bowes ("Bowes"), counsel to Plaintiff Sergot Duplessy ("Plaintiff") in this action, moves pursuant to 42 U.S.C. § 406(b) for an award of attorney's fees in the amount of $74,250.00.[1]  (E.D.N.Y. 24-cv-4370 (KAM), ECF No. 14.)  The Commissioner of Social Security ("Commissioner") does not oppose the motion.  (*Id.*, ECF No. 18.)  For the reasons set forth below, counsel's motion is **GRANTED** and he is awarded $74,250.00 in attorney's fees.  Bowes is directed, upon receipt of the § 406(b) fee award, to refund to Plaintiff the $15,488.54 previously awarded under the Equal Access to Justice Act ("EAJA").

---

[1] Also pending before this Court is Bowes's supplemental motion for attorney's fees payable out of the past-due benefits payable to Plaintiff's auxiliary beneficiaries.  (ECF No. 19.)  The parties agree that the amount of past-due benefits owed to these beneficiaries is still pending before the agency.  (ECF Nos. 24, 25.)  Thus, this Memorandum addresses only the December 8, 2025 motion, relating to the $74,250.00 in attorney's fees withheld from Plaintiff's past-due benefits, which the parties agree is ripe for adjudication.  (*Id.*)

**BACKGROUND**

After Plaintiff was denied benefits by Administrative Law Judge decision on December 4, 2015 and denied review from the Appeals Council on July 13, 2018, Plaintiff retained Bowes as counsel. (E.D.N.Y. 18-cv-5229 (BMC), ECF Nos. 1 (Compl.), 19 (Decl.).)  On September 17, 2018, Plaintiff filed his complaint against the Commissioner.  (*Id.*, ECF No. 1).  On May 13, 2019, Plaintiff served his motion for judgment on the pleadings on the Commissioner, and attached a 19-page Memorandum of Law in support of his motion.  (*Id.*, ECF Nos. 13, 14.)  The parties later stipulated to remand the case for additional administrative proceedings. (*Id.*, ECF No. 16.)  Bowes moved for EAJA fees, based on 27.2 hours of attorney time spent in the 2018 action.  (*Id.*, ECF Nos. 18, 19.)  The parties settled this EAJA motion for $5,250.00.  (*Id.*, ECF Nos. 21, 22.)

On remand, on October 21, 2020 Plaintiff was again denied benefits by ALJ decision.  (E.D.N.Y. 21-cv-848 (JMA), ECF No. 1.) In December 2020, the ALJ decision became final and Plaintiff again retained Bowes as counsel.  (*Id.*, ECF Nos. 1, 18).  On February 16, 2021 Plaintiff filed his complaint against the Commissioner. (*Id.*, ECF No. 1).  On January 25, 2022, Plaintiff served his motion for judgment on the pleadings on the Commissioner, and the parties later stipulated to remand the case for additional administrative proceedings.  (*Id.*, ECF Nos. 9, 13)  Bowes moved for EAJA fees

2

based on 26.3 hours of attorney time spent in the 2021 action. (*Id.*, ECF Nos. 17, 18.)  The parties settled this EAJA motion for $6,340.54. (*Id.*, ECF Nos.  20, 21.)

On remand, Plaintiff was denied benefits by ALJ decision a third time, and again retained Bowes as counsel.  (E.D.N.Y. 24-cv-4370 (KAM), ECF No. 15 at 4-5.).  On June 20, 2024, Plaintiff filed his complaint against the Commissioner.  (*Id.*, ECF No. 1). On November 20, 2024, the parties stipulated to remand the case for additional administrative proceedings. (*Id.*, ECF No. 7) Bowes moved for EAJA fees based on 18.6 hours of attorney time spent in the 2024 action.  (*Id.*, ECF Nos. 10, 11)  The parties settled this EAJA motion for $4,300.00. (*Id.*, ECF Nos. 12, 13.)

On remand, the Appeals Council issued a Fully Favorable Decision finding Plaintiff disabled since October 9, 2013 and entitled to benefits on his January 9, 2014 application for disability benefits.  (*Id.*, ECF No. 15 ¶ 32.).  On November 19, 2025, the SSA mailed Plaintiff a Notice of Award letter informing him that he would receive approximately $297,000 in past-due benefits, plus $2,391 per month in future benefits, with 25 percent ($74,250.00) withheld as possible attorney's fees under § 406(b). (*Id.* at 27-32.)  Bowes filed the instant motion for attorney's fees on December 8, 2025.  (*Id.*, ECF No. 14.)   The motion seeks a net payment of $58,761.46 ($74,250.00 less the $15,488.54 in EAJA fees received by Bowes).  (*Id.*)

3

Along with his motion for attorney's fees, Bowes submits his three fee agreements with Plaintiff, demonstrating that Plaintiff had retained Bowes on a 25 percent contingency fee basis in 2018, 2020, and again in 2024.  (*Id.*, ECF No. 15 at 15, 19, 23.)  Bowes also submits itemized time records demonstrating that Bowes spent 27.2 attorney hours litigating the 2018 action, 26.3 attorney hours litigating the 2020 action, and 18.6 attorney hours litigating the 2024 action.  (*Id.* at 17, 21, 25).  This amounts to a total of 72.1 attorney hours spent litigating this matter.  Bowes's request thus results in an effective hourly attorney rate of $1,029.82 per hour.

**LEGAL STANDARD**

Section 406(b) of the Social Security Act authorizes the Court to award a "reasonable fee," which may constitute up to "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [a favorable] judgment."  42 U.S.C. § 406(b)(1)(A).  Courts consider the following factors in determining whether the requested fee is reasonable: (a) the character of the representation and the results achieved; (b) whether counsel was responsible for undue delay, such as a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits; (c) whether there was fraud or overreaching in the making of the contingency agreement; and (d) whether the requested amount is so large in comparison to the time that counsel

4

spent on the case as to be a windfall to the attorney. *See Fields v. Kijakazi*, 24 F.4th 845, 849, 853 (2d Cir. 2022).

Regarding a potential windfall, courts must consider "more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854. Specifically, courts should also consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55.

## DISCUSSION

Here, Bowes seeks the full 25 percent of Plaintiff's past-due benefits, as allowed by § 406(b)(1)(A) and by the contingency fee agreement, in the amount of $74,250.00. (ECF No. 14 ¶ 1.)

Upon consideration of the four windfall factors, the Court finds that Bowes's requested fee award would not result in a windfall.

First, Bowes has thirty years of experience representing individuals in SSA litigation; this Court has previously

recognized Bowes's credentials and expertise. *See Duran v. Comm'r of Soc. Sec.*, No. 20-CV-4542 (KAM), 2025 WL 1795882, at *2 (E.D.N.Y. June 25, 2025)("Mr. Bowes has extensive experience representing individuals under the SSA, having represented claimants in over 1,000 civil actions in district court and over 2,000 claimants at administrative hearings before the Social Security Administration."). In *Fields*, the Second Circuit determined that the attorney's expenditure of 25.8 hours in reviewing an 863-page transcript, drafting a 19-page brief, and obtaining a stipulation of dismissal demonstrated particular efficiency and justified a *de facto* hourly rate of $1,556.98. 24 F.4th at 854 (noting that "other lawyers might reasonably have taken twice as much time" to do the same work). Here, expending 72.1 hours over the course of three separate actions, each with motions for judgment on the pleadings, is reasonable in this type of case for an attorney with Bowes's level of experience.

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," Bowes represented the plaintiff for over ten years, through multiple remands and appeals. *See Fields*, 24 F.4th at 855 (finding that the length of the relationship distinguished the case from others in which a windfall was found).

Third, there is no reason to reduce the fee award based on

6

the results Bowes achieved for his client.  Although there is no submission from Plaintiff supporting or opposing Bowes's request for fees, Plaintiff received a favorable result from this action; he stands to receive a six-figure award of past-due benefits as well as ongoing monthly benefits.  (ECF No. 15 at 27-32.)

Finally, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that this case was more uncertain than *Fields*, where the plaintiff's benefits had been denied at the agency level twice.  *See Fields*, 24 F.4th at 855. Here, Plaintiff's benefits were denied three times at the agency level before a favorable result was reached.  Given that this action required multiple rounds of representation, including three lawsuits and three motions for judgment on the pleadings based on an increasingly voluminous administrative record, this factor does not justify a downward adjustment.  *Id.* at 856  ("A windfall is more likely to be present in a case ... where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery.").

Accordingly, the Court finds that Bowes's requested fee award of $74,250.00 is reasonable and in line with awards generally approved for similar work performed.  However, within five (5) business days of receipt of his § 406(b) fee award, Bowes must

7

return the previously received EAJA fee award of $15,488.54 to Plaintiff, and certify to the Court that he has done so. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee."); *see also Johnson v. Kijakazi*, No. 20-CV-2630 (BCM), 2022 WL 17718336, at *6 (S.D.N.Y. Dec. 15, 2022) (declining to award Bowes the requested "net" fee award).

**CONCLUSION**

Accordingly, Bowes's motion is **GRANTED**, and the Court approves an award of fees in the amount of $74,250.00 to be paid to Bowes pursuant to 42 U.S.C. § 406(b).  Within five (5) business days of receipt of § 406(b) fees, Bowes shall remit the EAJA award of $15,488.54 to Plaintiff and shall file a declaration stating such on the docket.  Bowes is also directed to serve a copy of this Order and the docket on his client, Plaintiff, and shall note proof of service on the docket no later than May 29, 2026.

**So ordered.**

Dated:  May 22, 2026
        Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York